JUDGE BUCHWALD

Amy B. Goldsmith (AG-6286)
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, New York 10018
Telephone: 212-216-8000
Facsimile: 212-216-8001
agoldsmith@tarterkrinsky.com

Attorneys for Plaintiff

**13 CV 8084**

RECEIVED
NOV 13 2013
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANN & BROS. INC.,

    *Plaintiff*,

v.

RUYI DESIGN & MANUFACTURING, INC. and GOLDEN A&A TEXTILE CO., LTD,

    *Defendants*.

Case No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Mann & Bros. Inc. ("Mann & Bros.") complains of defendants Ruyi Design & Manufacturing, Inc. and Golden A&A Textile Co., LTD (collectively, the "Defendants"), as follows:

JURISDICTION AND THE PARTIES

1. This action arises under the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.* and, particularly, under 17 U.S.C. § 106 and § 501 and is to redress the infringement of copyrights. This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

1

2. Venue properly lies in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a). Upon information and belief, defendant Ruyi resides and has its principal place of business here. Defendants are also transacting and doing business in this judicial district, are committing the acts complained of herein within this judicial district, have otherwise directed their illegal conduct complained of herein to this judicial district and are subject to the jurisdiction of this Court pursuant to Rule 4 of the Federal Rules of Civil Procedure.

3. Plaintiff Mann & Bros. Inc. is a corporation formed under the laws of the State of New York with a place of business at 48 W 37th St. #1100, New York, New York 10018.

4. Upon information and belief, defendant Ruyi Design and Manufacturing, Inc. ("Ruyi") is a company formed under the laws of the State of New York with a principal place of business at 1410 Broadway, New York, New York 10018.

5. Upon information and belief, defendant Golden A&A Textile Co., Ltd. ("Golden A&A") is a company formed under the laws of the Country of China with a principal place of business at 71 Macau (Aomen) Road, Shanghai, PR, China 200060.

**Mann & Bros. and its Business**

6. Mann & Bros. is a textiles company based in New York, New York. Mann & Bros produces original fashion designs, including prints.

7. Mann & Bros. is well-known throughout the world for its unique and creative designs. These fashion designs are marketed all over the United States and across the rest of the world through many major retail outlets, including Nordstrom, Dillard's, Lord & Taylor, Bloomingdale's and Wal-Mart.

8. Mann & Bros. has expended hundreds of thousands of dollars developing and promoting these designs to its distributors and consumers.

**Mann & Bros. Copyrights**

9. Mann & Bros. owns a copyright in each of the three unique designs (collectively, the "Designs") that it manufactures, reproduces, sells and promotes and that

1  Defendants are believed to have infringed. A copy of the Designs is attached hereto as
2  **Exhibit A.**
3       10.   Design #WS0933-018 ("Design One") is a print containing images of
4  pocket watches of different sizes with small keys interspersed throughout.
5       11.   Design #WS1278-018 ("Design Two") is a print made up of overlapping
6  fleur de lis patterns.
7       12.   Design #WS1019-001 ("Design Three") is a print of birds flying in different
8  directions over a dark background.
9       13.   The Designs are wholly original and are copyrightable subject matter under
10 the laws of the United States.
11      14.   Mann & Bros. has duly complied in all respects with the provisions of the
12 Copyright Laws of the United States. As the exclusive owner of all rights and privileges
13 in and to the Designs, Mann & Bros. applied to the United States Copyright Office to
14 register the Designs on October 23, 2013.
15      15.   All copies of the Designs have been produced only by Mann & Bros., and
16 all copies of the Designs have been manufactured, reproduced, sold and promoted in strict
17 conformity with the provisions of the Copyright Laws of the United States.
18      16.   At all times since the creation of the Designs, Mann & Bros. has been and
19 continues to be the sole proprietor of all right, title and interest in and to the copyright in
20 the Designs and has been and remains the sole party authorized to use and exploit the
21 copyright therein.
22 **The Defendants' Infringing Conduct**
23      17.   Upon information and belief, defendant Riyu is a textiles company that
24 manufactures, produces, sells and promotes fashion designs and prints.
25      18.   Upon information and belief, defendant Golden A&A is a textiles company
26 that manufactures, produces, sells and promotes fashion designs and prints.
27      19.   Upon information and belief, defendant Golden A&A owns and controls, at
28 least in part, defendant Riyu.

20. Upon information and belief, Defendants have seen and/or had access to the Designs sold in stores worldwide.

21. Defendants have manufactured, reproduced, sold and promoted items, including scarves, using three designs (collectively, the "Infringing Designs") that are nearly identical to Mann & Bros.' Designs. A copy of the Infringing Designs as compared to the Designs is attached hereto as **Exhibit B.**

22. Upon information and belief, these items using the Infringing Designs may include one or more products in one or more varied color schemes. The full nature and extent of the unauthorized uses of Mann & Bros.' Designs is unknown, as such information is within the custody, possession and control of Defendants.

23. Upon information and belief, Golden A&A has manufactured the Infringing Designs and has approved the sale and promotion of items using the Infringing Designs by Riyu, and upon information and belief, by other entities.

24. Alternatively, upon information and belief, at all relevant times, Golden A&A has possessed knowledge of and the ability to control Riyu's conduct with respect to the manufacture, reproduction, sale and promotion of items using the Infringing Designs.

FIRST CAUSE OF ACTION
COPYRIGHT INFRINGEMENT FOR DESIGN ONE
UNDER 17 U.S.C. § 501

25. Mann & Bros. repeats and re-alleges the allegations of Paragraphs 1-24 as if fully set forth herein.

26. Upon information and belief, at some time presently unknown, but after Mann & Bros. first produced and sold the Designs, Defendants infringed the copyright therein by copying the Designs to create the Infringing Designs.

27. Defendants infringed Design One by manufacturing, reproducing, selling and promoting an Infringing Design ("Infringing Design One") that is nearly identical to Design One. Among other things, "Infringing Design One" is a print containing images of pocket watches of different sizes with keys interspersed throughout. See Exhibit B.

28. By letter dated October 25, 2013, Mann & Bros., by its attorneys, put Defendants on notice of their infringing conduct.

29. Defendants have not responded to this letter, nor have they ceased to manufacture, reproduce, sell or promote the items using the Infringing Designs.

30. The Infringing Designs are substantially similar to the copyrighted Designs.

31. Mann & Bros. has been damaged by Defendants' infringing conduct in an amount yet to be determined, but believed to be at least $500,000.

32. Mann & Bros. has no adequate remedy at law.

SECOND CAUSE OF ACTION
COPYRIGHT INFRINGEMENT FOR DESIGN TWO
UNDER 17 U.S.C. § 501

33. Mann & Bros. repeats and re-alleges the allegations of Paragraphs 1-32 as if fully set forth herein.

34. Upon information and belief, at some time presently unknown, but after Mann & Bros. first produced and sold the Designs, Defendants infringed the copyright therein by copying the Designs to create the Infringing Designs.

35. Defendants infringed Design Two by manufacturing, reproducing, selling and promoting an Infringing Design ("Infringing Design Two") that is nearly identical to Design Two. Among other things, "Infringing Design Two" is a print containing fleur de lis patterns throughout. See Exhibit B.

36. By letter dated October 25, 2013, Mann & Bros., by its attorneys, put Defendants on notice of their infringing conduct.

37. Defendants have not responded to this letter, nor have they ceased to manufacture, reproduce, sell or promote the items using the Infringing Designs.

38. The Infringing Designs are substantially similar to the copyrighted Designs.

39. Mann & Bros. has been damaged by Defendants' infringing conduct in an amount yet to be determined, but believed to be at least $500,000.

40. Mann & Bros. has no adequate remedy at law.

## THIRD CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT FOR DESIGN THREE
## UNDER 17 U.S.C. § 501

41. Mann & Bros. repeats and re-alleges the allegations contained in Paragraphs 1-40 as if fully set forth herein.

42. Upon information and belief, at some time presently unknown, but after Mann & Bros. first produced and sold the Designs, Defendants infringed the copyright therein by copying the Designs to create the Infringing Designs.

43. Defendants infringed Design Three by manufacturing, reproducing, selling and promoting an Infringing Design ("Infringing Design Three") that is nearly identical to Design Three. Among other things, "Infringing Design Three" is a print containing images of birds flying in different directions. See Exhibit B.

44. By letter dated October 25, 2013, Mann & Bros., by its attorneys, put Defendants on notice of their infringing conduct.

45. Defendants have not responded to this letter, nor have they ceased to manufacture, reproduce, sell or promote the items using the Infringing Designs.

46. The Infringing Designs are substantially similar to the copyrighted Designs.

47. Mann & Bros. has been damaged by Defendants' infringing conduct in an amount yet to be determined, but believed to be at least $500,000.

48. Mann & Bros. has no adequate remedy at law.

WHEREFORE, Mann & Bros. demands judgment:

(a) That Defendants, their members, officers, agents, servants, employees, attorneys and all parties in active concert or participation with them be enjoined from infringing the Designs, including, but not limited to, manufacturing, importing, advertising, promoting, selling, distributing or using the Designs;

(b) That Defendants be required to:

    (i) cease distributing the Infringing Designs on any and all items;

    (ii) deliver up for destruction all infringing materials bearing, depicting or displaying the Infringing Designs or any colorable imitation thereof in their possession,

custody or control, and to withdraw all advertising or promotional material bearing a copy of the Infringing Designs;

    (iii) pay Mann & Bros. such damages as Mann & Bros. has sustained as a consequence of their infringement of the Designs, and to account for all gains, profits, and advantages derived by them from their infringements, including profits derived directly or indirectly from the Infringing Designs;

    (iv) be ordered to pay Mann & Bros. punitive damages; and

    (v) be required to pay to Mann & Bros. the costs of this action, including its attorneys' fees;

  (c) That Mann & Bros.' damages be enhanced pursuant to 15 U.S.C. § 504; and

  (d) That Mann & Bros. have such other and further relief as the Court may deem just and appropriate.

DEMAND FOR JURY TRIAL

Mann & Bros. hereby demands a trial by jury.

Dated: New York, New York
   November 13, 2013

            TARTER KRINSKY & DROGIN LLP

            By: _____
               Amy B. Goldsmith